UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
and STATE OF FLORIDA,
*ex rel.* AYMAN DAOUK, M.D.,

      Plaintiff-Relator,

v.                             Case No.   6:19-CV-825-ORL-40DCI

ORLANDO HEALTH;
PHYSICIAN ASSOCIATES, LLC;
ORLANDO HEALTH PHYSICIAN
GROUP, INC.; and ORLANDO
HEALTH IMAGING CENTERS,

      Defendants.

---

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | June 19, 2020 |
| **Certificate of Interested Persons** and Corporate Disclosure Statement  [each party who has not previously filed must file immediately] | Completed |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | July 19, 2020 |
| **Disclosure of Expert Reports**      Plaintiff:<br>      Defendants:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | July 15, 2021<br>September 13, 2021 |
| **Discovery Deadline**  [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | October 13, 2021 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court recommends no less than 5 months before trial] | November 12, 2021 |
| **Joint Final Pretrial Statement** (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions emailed to: chambers_FLMD_Byron@flmd.uscourts.gov   in Word format), Witness Lists, Exhibit Lists with Objections on Approved Form)   Trial Briefs [Court recommends 4 weeks before Final Pretrial Conference] | January 13, 2022 |
| **All Other Motions** Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference] | February 21, 2022 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | January 3, 2022 |
| **Trial Term Begins**   [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived. | April 13, 2022 |
| **Estimated Length of Trial**   [trial days] | 5 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**                                                            Deadline:<br>Mediator:<br>Address:<br><br><br>Telephone:<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | November 2, 2021<br>Peter Grilli<br>3001 W. Azeele Street<br>Tampa, FL 33609<br><br>(813) 874-1002 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____  No__X__<br><br>Likely to Agree in Future _____ |

I.  **Preparation of the Case Management Report**

The parties may communicate with each other electronically or by telephone as long as they can agree on all significant aspects of this Report. Otherwise, lead counsel must meet in person for the purpose of preparing and filing the Report. Unless the parties agree to meet elsewhere, the meeting must be held in the Orlando Division of the Middle District of Florida. The parties must complete the certification shown below:

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held **telephonically** on May 20, 2020 (date) at **4:00 p.m.** (time) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Aaron Zandy | Defendants |
| Marilyn G. Moran | Defendants |
| Ben Curtis | Defendants |
| Jill S. Schwartz | Plaintiff-Realtor |
| David H. Spalter | Plaintiff-Relator |
| John M. Hunt | Plaintiff-Relator |

II.  **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

The parties __ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by June 19, 2020 (date).

Below is a description of information disclosed or scheduled for disclosure.

**III.     Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

__     no party anticipates the disclosure or discovery of ESI in this case;

_X_    one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.  The form or forms in which ESI should be produced.

B.  Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.  Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.  The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, only in the unusual event an agreement between the parties is insufficient, an Order under Federal Rules of Evidence Rule 502,  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report, together with a statement as to why an enforceable agreement between the parties is not sufficient.   The parties should attempt to agree on protocols that minimize the risk of waiver.   Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

N/A.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___   one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.   Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

_X__    all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.     Certificate of Interested Persons and Corporate Disclosure Statement** This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   A motion, memorandum, response, or other paper including emergency motion is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   Any party who has not already filed and served the required certificate is required to do so immediately.

    Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

        ___X___ Yes

        _____ No

Amended Certificate will be filed by _____ (party) on or before _____ date).

    **B.     Discovery Not Filed**

    The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   The Court encourages the exchange of discovery requests on diskette.   *See* Local Rule 3.03 (f).   The parties further agree as follows:

    <u>The parties agree to toll/stay all discovery until the Court rules on Defendants' Motion to Dismiss, to be filed on or before June 12, 2020.   If/when one or more of Plaintiff's claims survive dismissal and discovery is underway, the parties agree to work cooperatively during all aspects of discovery to ensure that discovery requests are proportional to the needs of the case.</u>

**C.     Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).   Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed.R.Civ.P. 33(a); Local Rule 3.03(a).   Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.   Fed.R.Civ.P. 30(d)(2).   The parties may agree by stipulation on other limits on discovery.   The Court will consider the parties agreed dates, deadlines, and other limits in entering the scheduling order.   Fed.R.Civ.P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

   1.     Depositions

<u>None other than permitted by the applicable Rules.</u>

   2.     Interrogatories

<u>None other than permitted by the applicable Rules.</u>

   3.     Document Requests

<u>None other than permitted by the applicable Rules.</u>

   4.     Requests to Admit

<u>None other than permitted by the applicable Rules.</u>

   5.     Supplementation of Discovery

<u>Within 30 days of discovering the need to supplement, or otherwise as soon as practicable.</u>

**D.     Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.   The Court may deny as untimely all motions to compel filed after the discovery deadline.   In addition, the parties agree as follows:   <u>None at this time.</u>

### E.  Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:  <u>None at this time.</u>

### F.  Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as Aconfidential.  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that Ano party shall file a document under seal without first having obtained an order granting leave to file under

seal on a showing of particularized need. With respect to confidentiality agreements, the parties agree as follows:

The parties will enter into a confidentiality agreement that preserves each party's confidential information and includes a claw-back provision in accordance with Fed. R. Evid. 502(e).

    G.    **Other Matters Regarding Discovery**

None known at this time.

**VI.    Settlement and Alternative Dispute Resolution.**

    A.    **Settlement**

The parties agree that settlement is _____ likely __X__ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge. _____ yes __X__ no _____ likely to request in future

    B.    **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____ yes __X__ no _____ likely to agree in future

_____ Binding _____ Non-Binding

    C.    **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of Court approved mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov

D. **Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

Not applicable.

Date: May 26, 2020

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

By: /s/ Jill S. Schwartz
 Jill S. Schwartz, Esquire
 Florida Bar No. 523021
 Email:  jschwartz@schwartzlawfirm.net
 David H. Spalter, Esquire
 Florida Bar No. 966347
 E-mail:  dspalter@schwartzlawfirm.net
 John M. Hunt, Esquire
 Florida Bar No. 91168
 Email:  jhunt@schwartzlawfirm.net
 **Jill S. Schwartz & Associates**
 655 West Morse Boulevard, Suite 212
 Winter Park, Florida 32789-3745
 (407) 647-8911

 Attorneys for Plaintiff-Relator

By: /s/ Aaron L. Zandy
 Aaron L. Zandy, Esquire
 Florida Bar No. 0125271
 Email:  azandy@fordharrison.com
 Marilyn G. Moran, Esquire
 Florida Bar No. 0163813
 Email:  mmoran@fordharrison.com
 Bret C. Yaw, Esquire
 Florida Bar No. 0100445
 Email:  byaw@fordharrison.com
 **Ford & Harrison LLP**
 300 S. Orange Avenue, Suite 1300
 Orlando, Florida 32801
 (407) 418-2300 Telephone
 (407) 418-2327 Facsimile

 Oliver Benton Curtis, III, Esquire
 Florida Bar No. 0118156
 Email:  bcurtis@mwe.com
 **McDermott Will & Emery, LLP**
 333 S.E. 2nd Avenue, Suite 4500
 Miami, FL   33131-2184
 (305) 329-4442
 (305) 402-6285 Facsimile

 Attorneys for Defendants